UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 09-20004
                                                Honorable Thomas L. Ludington

HOUSTON JUNIOR NASH,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR TERMINATION OF
SUPERVISED RELEASE**

On July 21, 2009, Defendant, Houston Nash, pled guilty to one count of distribution of cocaine. *See* ECF No. 25. He was sentenced to 140 months imprisonment, to run concurrent to a 12 month supervised release violation from a different case (04-20058). *Id.* He was also sentenced to a three-year term of supervised release. *Id.* On September 2, 2020, Defendant filed a *pro se* motion for early termination of supervised release. ECF No. 29. On October 5, 2020, Plaintiff ("the Government") responded. ECF No. 31.

**I.**

When imposing a sentence, a court may include a term of supervised release after imprisonment. 18 U.S.C. § 3583(a). The court may also later terminate the supervised release. 18 U.S.C. § 3583(e). The statute provides,

> (e) The court may, after considering the factors set forth in section 3553(a) . . . .
>     (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice
>     . . . .

The factors from 18 U.S.C. 3553(a) that the Court must consider include

> (1) history and characteristics of the defendant;
> (2) the need for the sentence imposed— . . .
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing] guidelines— . . . or
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code . . .
> (5) any pertinent policy statement—
>> (A) issued by the Sentencing Commission . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Federal Rule of Criminal Procedure 32.1(c) provides that, "before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has a right to counsel and an opportunity to make a statement and present any information in mitigation." A hearing is not required, however, if:

> (A) the person waives the hearing; or
> (B) the relief sought is favorable to the person and does not extend the term of probation or supervised release; and
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

*Id.*

## II.

Here, the relief sought is favorable to the Defendant, and the government indicated that they have no objection to the request. Accordingly, the motion will be decided based on the papers. *See* Fed. R. Crim. P. 32.1(c)(2).

Defendant explains he began his term of supervised release on April 2, 2019. ECF No. 29 at PageID.87. Therefore, Defendant has been on supervised release for over the one year required by statute (currently over 19 months) without any violations. He has already served his 140-month incarceration sentence and has been successful on supervised release for 19 months. Defendant proffers that he "currently resides in Saginaw, MI with his father and his two (2) children; and h[e] is gainfully employed and is currently a student at his local college." *Id.* at PageID.88. He explains he "has surrounded himself with a different (more stable, gainfully employed and non-criminal) support system." *Id.*

Defendant's probation officer, Timothy Clolinger, confirmed to this Court that Defendant "has invested in and participates fully in dual integrated treatment at Sacred Heart Rehabilitation Center," "is active in parenting his children and grandchildren," is employed in a roofing and snow removal business. He has an excellent in-home support system and his drug tests were negative. He concludes that he recommends early termination from supervised release. The Government provides that it "has no objection to early termination of defendant's supervised release and leaves his request to the discretion of the Court." ECF No. 31 at PageID.95.

Defendant has demonstrated to the satisfaction of his probation officer and without objection by the government that he can be successful on supervised release. Considering the facts discussed above and the factors set forth in section 3553(a)(1)–(7), the Court is satisfied that the conduct of the Defendant and the interest of justice warrants early termination of Defendant's supervised release. *See* 18 U.S.C. § 3583(e)(1).

- 4 -

## III.

Accordingly, it is **ORDERED** that Defendant's Motion for Early Termination of Supervised Release, ECF No. 29, is **GRANTED**.

Dated: November 24, 2020                                s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Houston Junior Nash, 4110 Wisner St., Saginaw 48601 by first class U.S. mail on November 24, 2020.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager